IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Milo Earl Tudor, Jr., ) | C/A No. 8:15-cv-03106-RBH-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden John Pate, ) | |
| ) | |
| Respondent.[1] ) | |
| _____) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 13.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 31, 2015.[2] [Doc. 1.] On October 26, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 12, 13.] The following day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 14.] Petitioner's response in opposition was entered on the docket on December 2, 2015. [Doc. 21.]

---

[1] Bryan Sterling, initially named as a respondent, was terminated from this action on September 1, 2015. [Doc. 6.]

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, Petitioner's action was filed on July 31, 2015. [Doc. 1-4 (envelope stamped as received by prison mailroom on July 31, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Evans Correctional Institution[3] pursuant to orders of commitment of the Newberry County Clerk of Court. [Doc. 1 at 1.] Petitioner was indicted in January 1997 for kidnapping, assault and battery with intent to kill, and possession of a weapon during the commission of, or attempt to commit, a violent crime. [Docs. 12-1 at 1; 12-5 at 75–77.] A jury trial was held August 7, 1997, and the jury found Petitioner guilty as charged. [*See* Doc. 12-1 at 1–2.] The judge sentenced Petitioner to thirty years imprisonment, suspended to fifteen years and five years probation for kidnapping; twenty on the assault charge; and five on the weapons violation, sentences to run concurrently. [*See id.* at 2.]

**Direct Appeal**

Petitioner filed a timely notice of intent to appeal. [*See id.*] The South Carolina Court of Appeals issued an Order of Dismissal on May 5, 1998, for "failure of appellant to timely serve and file the Appellant's Initial Brief and Designation of Matter" pursuant to state court rule, and issued the remittitur on May 21, 1998. [*See id.*]

**First § 2254 Petition**

Petitioner filed his first 28 U.S.C. § 2254 petition, *Tudor v. Ricky Harrison*, No. 2:00-cv-01358-CWH, on May 3, 2000, alleging that counsel failed to file a direct appeal. [*See*

---

[3] Petitioner was in Allendale Correctional Institution at the time he filed the instant Petition. [Doc. 1.] On October 28, 2015, Petitioner filed a notice of change of address, indicating he is currently at Evans Correctional Institution. [Doc. 17.]

*id.*] The petition was dismissed without prejudice for failure to exhaust state remedies. [*See id.*]

**First PCR Application**

On August 21, 2002, proceeding pro se, Petitioner filed an application for post-conviction relief ("PCR"), alleging the following claims:

> (a) Ineffective Assistance of Counsel;
>
> (b) Denial of Direct Appeal.
>
> Applicant's Attorney allowed his appeal to be dismissed.

[*See id.* at 2–3.] On June 24, 2004, the PCR judge dismissed the action, with prejudice, for failure to file within the PCR statute of limitations and as barred by latches. [*See id.* at 3.] Petitioner appealed the dismissal.

Robert M. Pachak ("Pachak"), Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. [*See id.*] Pachak filed a *Johnson*[4] Petition for Writ of Certiorari in the Supreme Court of South Carolina on October 25, 2004, and raised the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner's PCR application was barred by the statute of limitations?

[*See id.*] On November 8, 2004, Petitioner filed a pro se response. [*See id.*] On August 26, 2005, the Supreme Court of South Carolina denied the petition, and on September 13, 2005, issued the remittitur. [*See id.* at 4.]

---

[4] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State,* 364 S.E.2d 201 (S.C. 1988).

**Second § 2254 Petition**

On February 2, 2006, Petitioner filed his second habeas petition, *Tudor v. Rushton, Warden of McCormick Correctional Institution*, No. 2:06-cv-0342-RBH. [*See id.*] Petitioner raised a single claim of ineffective assistance of counsel at trial and alleged counsel failed to perfect a direct appeal. [*Id.*] The Court granted Respondents' motion for summary judgment, finding that the petition was time-barred. [Doc. 12-2.]

**Second PCR Application**

Petitioner filed a second PCR application on April 5, 2010, again alleging ineffective assistance for failing to pursue a direct appeal. [Doc. 12-3 at 1–5.] A Final Order of Dismissal was filed on December 16, 2011, dismissing Petitioner's PCR application. [*Id.* at 42–44.]

Petitioner filed an appeal. [Doc. 12-4 at 1–6.] On February 3, 2012, the Supreme Court of South Carolina dismissed Petitioner's appeal and subsequently issued the remittitur on February 23, 2012. [*Id.* at 7–8.]

**State Writ of Habeas Corpus**

Petitioner filed another state collateral action–a writ of habeas corpus–on September 17, 2012.[5] [Doc. 12-5 at 3–13.] The state court determined Petitioner was entitled to belated direct appeal review. [Doc. 12-5 at 74.]

Appellate Defender Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, represented Petitioner on appeal. Hudgins filed a Petition for Writ of

---

[5] The habeas petition was treated as a successive PCR application. [*See* Doc. 12-5 at 68–72.]

Certiorari in the Supreme Court of South Carolina, dated September 8, 2014, and raised the following issue:

> Did the PCR judge correctly find that Petitioner did not knowingly and intelligently waive the right to a direct appeal and correctly grant a belated appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974)?

[Doc. 12-7 at 3.]

On January 15, 2015, the Supreme Court of South Carolina denied the petition for writ of certiorari, and issued the remittitur on February 2, 2015. [Docs. 12-11, 12-12.]

**Petition for Writ of Habeas Corpus**

Petitioner filed the instant Petition for writ of habeas corpus on July 31, 2015. [Doc. 1-4.] Petitioner raises the following grounds for relief in his Petition:

> **GROUND ONE:** Constitutional Due Process Rights violation, where tried without notice of charges called upon to answer.
>
> **GROUND TWO:** Whether the nolle prosequi of Indictment No. 96-GS36-652 ABWIK, at trial after jury empaneled, barred proceedings of re-indictment No. 97-GS36-021 ABWIK, for constitutional double jeopardy rights violations?
>
> **GROUND THREE:** Did the trial court have subject matter jurisdiction to try, convict, and sentence Petitioner for re-indictment No. 97-GS36-021?

[Doc. 1 at 5–8.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

6

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

7

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong

case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Respondent argues the instant Petition qualifies as a successive § 2254 petition and must be dismissed; in the alternative, Respondent argues the Petition is untimely. [Doc. 12.] The Court agrees that Petitioner's Petition is a successive petition and should be dismissed.

As noted above, Petitioner has filed two prior § 2254 habeas corpus actions in this court. To qualify as a "successive" petition, a prior petition must have been adjudicated on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000). In the Report and Recommendation in *Tudor v. Rushton, Warden of McCormick Correctional Institution*, No. 2:06-cv-0342-RBH, the magistrate judge recommended granting respondents' motion for summary judgment because the petition was barred by the AEDPA statute of limitations. [Doc. 12-1.] In the Order filed on October 6, 2006, the Honorable Bryan Harwell, United States District Court Judge, adopted the Report and Recommendation and granted summary judgment to respondents because Petitioner's petition was barred by the AEDPA statute of limitations. [Doc. 12-2.] Petitioner then contacted the Court, indicating that he was misled on the time for filing objections. [*Tudor v. Rushton, Warden of McCormick Corr. Inst.*, No. 2:06-cv-0342-RBH, Doc. 18.] The Court, after considering Petitioner's objections, again adopted the Report and Recommendation and granted respondents' motion for summary judgment. [*Id.*] Because No. 2:06-cv-0342-RBH was dismissed with prejudice

9

as time-barred, the Petition in the instant case is successive, notwithstanding the subsequent state court filings by Petitioner. *See Quezada v. Smith*, 624 F.3d 514 (2d. Cir. 2010) (holding that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *see also Garner v. Reynolds*, No. 3:13-cv-414-TLW, 2013 WL 2470258, at *1 (D.S.C. June 7, 2013) (same).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b) (3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4) ."). There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since *Fowlkes* has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section

2244(b)(3)(C)."). Accordingly, this Court is without jurisdiction to consider Petitioner's Petition.

## RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that Respondent's motion for summary judgment be GRANTED, and the Petition be DISMISSED as successive.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 12, 2016
Greenville, South Carolina